# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE WILLIAMS,

    Plaintiff,

v.

D. JUST,,

    Defendant.

No. 2:17-cv-1139 KJN P

ORDER

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On August 31, 2017, the undersigned found that plaintiff sustained three strikes under 28 U.S.C. § 1915(g). On September 13, 2017, plaintiff filed an opposition to the order, alleging he faced imminent danger of serious physical injury. Upon reconsideration, the court finds plaintiff has suffered three strikes and failed to demonstrate he is entitled to an exception to the § 1916(g) bar. Therefore, as discussed below, plaintiff must pay the court's filing fee in order to proceed with this action.

Three-Strikes Under 28 U.S.C. § 1915(g)

Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have

1

been dismissed on screening as barred by the statute of limitations:

    1. Williams v. Aparicio, No. 2:14-cv-08640 (C.D. Cal. Feb. 5, 2015). ECF No. 15-3 at 13-14; see also ECF No. 15-3 at 7-12 (Report and Recommendation).

    2. Williams v. Kerkfoot, No. 2:14-cv-07583 (C.D. Cal. May 15, 2015). ECF No. 15-3 at 35-36; see also ECF No. 15-3 at 23-34 (Report and Recommendation).

    3. Williams v. Young, No. 2:14-cv-8037 (C.D. Cal. May 19, 2015). ECF No. 15-3 at 46-52 (Memorandum and Order).

On April 7, 2017, another magistrate judge explained to plaintiff that such dismissals count as strikes under 28 U.S.C. § 1915(g) because this court is bound by Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015). Williams v. Logan, Case No. 2:15-cv-2084 MCE AC P (E.D. Cal.) (ECF No. 18 at 2) (majority in Belanus affirmed the decision that the action was time-barred counted as a strike under 1915(g)). Moreover, on August 17, 2017, the Ninth Circuit found that the district court in Williams v. Degeorges, 2:16-cv-0025 TLN CKD (E.D. Cal.), properly denied plaintiff in forma pauperis status because plaintiff had sustained three § 1915(g) strikes. Williams v. Degeorges, 2017 WL 3530901 (9th Cir. 2017).

Imminent Danger Exception

Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In Andrews, the Ninth Circuit adopted the view that "requiring a prisoner to 'allege [ ] an ongoing danger'-- the standard adopted by the Eighth Circuit -- is the most sensible way to interpret the imminency requirement." Andrews v. Cervantes, 493 F.3d 1047, 1056 (9th Cir. 2007), citing Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 2003). Andrews held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing. See Andrews 493 F.3d at 1053.

On August 31, 2017, the undersigned found that plaintiff failed to allege facts demonstrating he was at risk of imminent danger, and ordered plaintiff to pay the court's filing fee before this action can proceed. (ECF No. 8.) On September 13, 2017, plaintiff filed an opposition, claiming that he had alleged facts demonstrating he is at risk of imminent harm in

claims three and four of his complaint, and would not pay the filing fee in full as directed. Plaintiff provided no additional factual allegations in his one page opposition.

In Claim III of his complaint, plaintiff alleges the following: On March 26, 2017, defendant Escalante told plaintiff: "It would be smart to withdraw that bullshit 602 appeal on me and if you don't you may find yourself in a casket on [your] [way] home." (ECF No. 1 at 30, 33.) Plaintiff laughed in fear, and responded, "Is that a threat?" and "It's too late the 602 is at third level already and you shouldn't have assaulted me twice." (Id.) Escalante responded, "the clock is ticking," and walked away. (Id.)

At the time Escalante made the verbal threats,[1] plaintiff was housed at California Medical Facility ("CMF") where defendant Escalante was employed as a correctional officer. However, at the time plaintiff filed the instant complaint on May 22, 2017, under the mailbox rule,[2] plaintiff had been transferred to R.J. Donovan ("RJD") in San Diego. Therefore, defendant Escalante could not have posed an imminent threat to plaintiff on May 22, 2017, because Escalante was working at CMF, and plaintiff was housed at RJD. "[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews, 493 F.3d at 1053. Thus, plaintiff's allegations as to defendant Escalante do not warrant an exception to the § 1915(g) bar.

In his fourth claim (labeled "Claim IIII [sic]"), plaintiff alleges that on April 28, 2017, he was taken to a classification hearing at CMF and requested a transfer to California Mens Colony with no alternatives due to his alleged enemy concerns at RJD. (ECF No. 1 at 35, citing classification committee chrono, ECF No. 1 at 38.) Plaintiff claims he was transferred to RJD on May 5, 2017, in retaliation for the instant lawsuit. (ECF No. 1 at 35-36.) Plaintiff refused to go, but concedes that defendant Captain Brown told plaintiff that Captain Brown checked plaintiff's

---

[1] Allegations of mere verbal threats do not state cognizable claims under § 1983. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

[2] "[T]he Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), citing Houston v. Lack, 487 U.S. 266, 275-76 (1988).

file and did not see any enemies. (ECF No. 1 at 36.) However, plaintiff replied that "you guys deleted it from my file." (Id.) Plaintiff claims he was forcefully placed on the bus and transferred to RJD. Plaintiff appears to claim his transfer to RJD placed him in imminent danger of serious physical injury.

On the other hand, the chrono from the April 28, 2017 classification committee hearing reflects that plaintiff wanted to be transferred to California Mens Colony ("CMC") "due to family ties and access to his attorney, and that he would prefer not to transfer to RJD." (ECF No. 1 at 38.) There is no reference to purported enemy concerns at RJD, and no objection based on such alleged concerns are noted in the chrono. (Id.) In addition, the chrono reflects a legitimate penological reason for transferring plaintiff to RJD based on a CMF mission change closing the L-1 and L-2 EOP housing units, and its future conversion to a Level II EOP facility, which suggests the transfer was not retaliatory. (ECF No. 1 at 38.) Because plaintiff was classified as a Level III inmate, he could only be transferred to CMC or RJD. (Id.)

In light of the conflicting facts surrounding the transfer, comparing plaintiff's allegations to the chrono he provided, the undersigned finds that plaintiff's claim that he was at risk of imminent physical danger due to enemy concerns at RJD is too speculative to support a finding that he faced imminent danger of serious physical injury at the time he filed the instant action.[3]

For all of the above reasons, plaintiff must submit the appropriate filing fee in order to proceed with this action.

////
////
////
////

---

[3] Moreover, at the time plaintiff signed his complaint on May 22, 2017, he had already been transferred to RJD and housed there for 17 days. Despite having an opportunity to do so, plaintiff included no facts as to how his alleged enemy concerns were addressed once he arrived at RJD. Further, in his September 13, 2017 opposition, plaintiff did not elaborate on any enemy concerns at RJD. He did not state whether or not such enemy concerns materialized once he was transferred, and if they did, how prison staff at RJD addressed such enemy concerns once he arrived at RJD on May 5, 2017. Indeed, plaintiff offered no further information concerning his current housing at RJD.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall submit, within twenty-one days from the date of this order, the appropriate filing fee. Plaintiff's failure to comply with this order will result in the dismissal of this action.

Dated: November 8, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will1139.1915g.fin