UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. ESCALANTE, et al.,<br><br>    Defendants. | No. 2:17-cv-1139 KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

I. <u>Introduction & Background</u>

    Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On August 31, 2017, the undersigned found that plaintiff sustained three strikes under 28 U.S.C. § 1915(g). On September 13, 2017, plaintiff filed an opposition to the order, alleging he faced imminent danger of serious physical injury. Upon reconsideration, the court again found plaintiff has suffered three strikes and failed to demonstrate he is entitled to an exception to the § 1916(g) bar. On November 27, 2017, plaintiff filed a notice that he would not pay the filing fee, and stated that "the court is more than welcome to dismiss case without prejudice." (ECF No. 11 at 1.) The Clerk of the Court dismissed the case on December 5, 2017, under Rule 41(a)(1) of the Federal Rules of Civil Procedure. Plaintiff filed an appeal. On March 2, 2018, the Court of Appeals for the Ninth Circuit vacated the November 8, 2017 order and

1

remanded the action for further proceedings, citing Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017) (all parties, including unserved defendants, must consent in order for jurisdiction to vest with the magistrate judge pursuant to 28 U.S.C. § 636(c)(1).).

As discussed below, the undersigned recommends that plaintiff be required to pay the court's filing fee in order to proceed with this action.

II. Legal Standards

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act ("PLRA"). The PLRA was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits. Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014). Title 28 U.S.C. § 1915(g) of the PLRA permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As the Supreme Court stated, this "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Block, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The Ninth Circuit has held that the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2014); Andrews, 493 F.3d at 1055.

////

////

2

III. Discussion

    A. Three Strikes Bar

Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on screening as barred by the statute of limitations:

    1. Williams v. Aparicio, No. 2:14-cv-08640 (C.D. Cal. Feb. 5, 2015). ECF No. 15-3 at 13-14; see also ECF No. 15-3 at 7-12 (Report and Recommendation).

    2. Williams v. Kerkfoot, No. 2:14-cv-07583 (C.D. Cal. May 15, 2015). ECF No. 15-3 at 35-36; see also ECF No. 15-3 at 23-34 (Report and Recommendation).

    3. Williams v. Young, No. 2:14-cv-8037 (C.D. Cal. May 19, 2015). ECF No. 15-3 at 46-52 (Memorandum and Order).

On July 14, 2016, in Williams v. Sharp, No. 2:15-cv-2542 GEB KJN (E.D. Cal.), the defendants' motion to revoke plaintiff's in forma pauperis status was granted, and the court explained that the court is bound by Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015) (majority in Belanus affirmed the decision that the action was time-barred counted as a strike under 1915(g)). On November 4, 2016, plaintiff's case was dismissed after plaintiff failed to pay the filing fee. Sharp, 2:15-cv-2542 GEB KJN.

On April 7, 2017, another magistrate judge explained to plaintiff that such dismissals count as strikes under 28 U.S.C. § 1915(g) because this court is bound by Belanus, 796 F.3d at 1021. Williams v. Logan, Case No. 2:15-cv-2084 MCE AC P (E.D. Cal.) (ECF No. 18 at 2). Moreover, on August 17, 2017, the Ninth Circuit found that the district court in Williams v. Degeorges, 2:16-cv-0025 TLN CKD (E.D. Cal.), properly denied plaintiff in forma pauperis status because plaintiff had sustained three § 1915(g) strikes. Williams v. Degeorges, 2017 WL 3530901 (9th Cir. 2017).

    B. Imminent Danger Exception

Because plaintiff has filed three cases that constitute strikes under § 1915(g), he is precluded from proceeding in forma pauperis in this action unless he can demonstrate he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he availability of

the [imminent danger] exception turns on the conditions a prisoner faced *at the time the complaint was filed*, not at some earlier or later time." Andrews, 493 F.3d at 1053 (emphasis added).

On August 31, 2017, the undersigned found that plaintiff failed to allege facts demonstrating he was at risk of imminent danger, and ordered plaintiff to pay the court's filing fee before this action can proceed. (ECF No. 8.) On September 13, 2017, plaintiff filed an opposition, claiming that he had alleged facts demonstrating he is at risk of imminent harm in claims three and four of his complaint, and would not pay the filing fee in full as directed. Plaintiff provided no additional factual allegations in his one page opposition.

In Claim III of his complaint, plaintiff alleges the following: On March 26, 2017, defendant Escalante told plaintiff: "It would be smart to withdraw that bullshit 602 appeal on me and if you don't you may find yourself in a casket on [your] [way] home." (ECF No. 1 at 30, 33.) Plaintiff laughed in fear, and responded, "Is that a threat?" and "It's too late the 602 is at third level already and you shouldn't have assaulted me twice." (Id.) Escalante responded, "the clock is ticking," and walked away. (Id.)

At the time Escalante made the verbal threats,[1] plaintiff was housed at California Medical Facility ("CMF") where defendant Escalante was employed as a correctional officer. However, at the time plaintiff filed the instant complaint on May 22, 2017, under the mailbox rule,[2] plaintiff had been transferred to R.J. Donovan ("RJD") in San Diego. Therefore, defendant Escalante could not have posed an imminent threat to plaintiff on May 22, 2017, because Escalante was working at CMF, and plaintiff was housed at RJD. "[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews, 493 F.3d at 1053. Thus, plaintiff's allegations as to defendant Escalante do not warrant an exception to the § 1915(g) bar.

---

[1] Allegations of mere verbal threats do not state cognizable claims under § 1983. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

[2] "[T]he Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), citing Houston v. Lack, 487 U.S. 266, 275-76 (1988).

4

In his fourth claim (labeled "Claim IIII [sic]"), plaintiff alleges that on April 28, 2017, he was taken to a classification hearing at CMF and requested a transfer to California Mens Colony with no alternatives due to his alleged enemy concerns at RJD. (ECF No. 1 at 35, citing classification committee chrono, ECF No. 1 at 38.) Plaintiff claims he was transferred to RJD on May 5, 2017, in retaliation for the instant lawsuit. (ECF No. 1 at 35-36.) Plaintiff initially refused to go, but concedes that defendant Captain Brown told plaintiff that Captain Brown checked plaintiff's file and did not see any enemies. (ECF No. 1 at 36.) However, plaintiff replied that "you guys deleted it from my file." (Id.) Plaintiff claims he was forcefully placed on the bus and transferred to RJD. Plaintiff appears to claim his transfer to RJD placed him in imminent danger of serious physical injury.

On the other hand, the chrono from the April 28, 2017 classification committee hearing reflects that plaintiff wanted to be transferred to California Mens Colony ("CMC") "due to family ties and access to his attorney, and that he would prefer not to transfer to RJD." (ECF No. 1 at 38.) There is no reference to purported enemy concerns at RJD, and no objection based on such alleged concerns are noted in the chrono. (Id.) In addition, the chrono reflects a legitimate penological reason for transferring plaintiff to RJD based on a CMF mission change closing the L-1 and L-2 EOP housing units, and its future conversion to a Level II EOP facility, which suggests the transfer was not retaliatory. (ECF No. 1 at 38.) Because plaintiff was classified as a Level III inmate, he could only be transferred to CMC or RJD. (Id.)

In light of the conflicting facts surrounding the transfer, comparing plaintiff's allegations to the chrono he provided, the undersigned finds that plaintiff's claim that he was at risk of imminent physical danger due to alleged enemy concerns at RJD is too speculative to support a finding that he faced imminent danger of serious physical injury at the time he filed the instant action. Moreover, at the time plaintiff signed his complaint on May 22, 2017, he had already been transferred to RJD and housed there for 17 days. Despite having an opportunity to do so, plaintiff included no facts as to how his alleged enemy concerns were addressed once he arrived at RJD. Further, in his September 13, 2017 opposition, plaintiff did not elaborate on any enemy concerns at RJD. He did not state whether or not such enemy concerns materialized once he was

5

transferred, and if they did, how prison staff at RJD addressed such enemy concerns once he arrived at RJD on May 5, 2017. Indeed, plaintiff offered no further information concerning his current housing at RJD in any of his subsequent filings. (ECF Nos. 9, 11, 13.) On this record, the undersigned cannot find that plaintiff meets the imminent danger exception.

IV. Conclusion

Because plaintiff has sustained three strikes under 28 U.S.C. § 1915(g), and failed to allege facts suggesting he was in imminent danger of serious physical injury at the time he filed his complaint, plaintiff should be denied leave to proceed in forma pauperis, and required to submit the appropriate filing fee in order to proceed with this action. Plaintiff is cautioned that failure to pay the filing fee will result in the dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Plaintiff be denied leave to proceed in forma pauperis; and

2. Plaintiff be ordered to pay the $400.00 filing fee within fourteen days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 6, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will1139.1915g.3